John Doe
80 W Sierra Madre Blvd, #131
Sierra Madre, CA 91024
Phone: (657) 464-4515
E-mail: invisibledisabilityrightsteam@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
AUG 18 2025
CENTRAL DISTRICT OF CALIFORNIA
BY S DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

John Doe

Plaintiff,

v.

John Doe;
DOES 1-100

Defendants

Case No.: CV25-7735-JGB (BFM)

**COMPLAINT**

1. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (First Amendment)**
2. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourteenth Amendment)**
3. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983, 1988 (Conspiracy)**
4. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourth Amendment)**
5. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Municipal Liability)**
6. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Failure to Train and Supervise)**

**SUPPLEMENTAL STATE CLAIMS**

7. **Intentioanl Infliction of Emotional Distress**
8. **False Police Report**
9. **False Arrest**
10. **California Civil Code Secrion 52.1 - Tom Bane Civil Rights Act**

JURY DEMAND

PLAINTIFF ALLEGES AS FOLLOWS:

1. This is a complaint for damages based upon federal civil rights and state constitutional

rights violation committed by the Defendant County of Los Angeles and its respective officials, uniformed peace officers, employees, and/or agents. This case is brought pursuant to **42 U.S.C. § 1983, 1988** and California State Law. Federal jurisdiction is based upon **28 U.S.C. § 1331, 1343 (a) (1--4).** This Court has supplemental jurisdiction over the state law claims pursuant to **28 U.S.C. § 1367(a).**

**JURISDICTION**

1. Plaintiff brings this case pursuant to **42 U.S.C. § 1983, 1988** and California State Law. Federal jurisdiction is based upon **28 U.S.C. § 1331, 1343 (a) (1--4).** This Court has supplemental jurisdiction over the state law claims pursuant to **28 U.S.C. § 1367(a).**

**VENUE**

2. The claim alleged herein arose from events or omissions that occurred in the County of Los Angeles. Therefore, venue lies in the Central District of California pursuant to **28 U.S.C. § 1391(2).**

**PARTIES**

3. Plaintiff John Doe ("PJ Doe") was a resident and private citizen of the State of California at all times material to this Complaint.

**DEFENDANTS**

4. Plaintiff is informed, believes, and thereupon alleges that Defendant John Doe 1 ("DJD 1") was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as the Police Officer of the Los Angeles County Police Officer's Department, ("LAPD"). He is being sued individually and in his official police capacity.

5. Plaintiff is informed, believes and thereupon alleges that Defendant John Doe 2 ("DJD 2") was all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as the Police Officer of the Los Angeles County Police Officer's Department, ("LAPD"). He is being sued individually and in his official police capacity.

6. Plaintiff is informed, believes and thereupon alleges that Defendant John Doe 3 ("DJD 3") was all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as the Police Officer of the Los Angeles County Police

Officer's Department, ("LAPD"). He is being sued individually and in his official police capacity.

7. Plaintiffis informed, believes, and thereupon alleges that Defendant COUNTY OF LOS ANGELES ("Defendant County") is a duly constituted governmental entity in the State of California, and is, or was, the employer of all individually named Defendants including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendant DOES 1 through 100.

8. The identities, capacities, and/or or nature ofinvolvement of Defendant DOES 1 through 100 ("Doe Defendants") are presently unknown to Plaintiffs. Plaintiffs therefore sue such persons using "Does" as fictitiously-named defendants. Plaintiff is informed, believes, and thereupon alleges that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions and/or breaches of duty alleged below. Plaintiff will amend the Complaint to name the Doe Defendants upon learning their true identities and roles in the actions complained of herein.

9. The identity, of involvement of of John Doe is to mask the identity for the moment until trial. It is due to the retaliation John Doe has endured up to date and would like to stay safe until trial to reveal John Doe's identity.

10. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Los Angeles, State of California, and the corporate and/or entity Defendants, and each of them, are residents of the County ofLos Angeles, State of California, and/or have their principal place of business in said County a State, and/or are doing business in said County and State.

11. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Defendant County were, at all times relevant and material to this Complaint, acting within the course and scope oftheir employment duties for Defendant County, and under color of law.

12. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Defendant County, by and through their policy makers, decision makers, officials, officers, and/or supervisors, including "DJD 1" and applicable Doe Defendants.

13. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Doe Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for Doe Defendants, under color of law. Plaintiffis informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Doe Defendants, by and through policy makers, decision makers, and/or supervisors, including applicable Doe Defendants.

14. Plaintiff is informed, believes, and thereupon alleges that officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policy, de jure or de facto, of Defendant County and/or Doe Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all Defendants and Doe Defendants of which Plaintiffs complain herein.

15. Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants-including officials, supervisors, watch commanders, and other policy makers from Defendant County and/or Doe Defendants and their agents-was the agent, employee, or co-conspirator one other, some, or all oftheir Co-Defendants. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, freedom of expression, security in person and

effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein. Each and all of the things done by each Defendant against Plaintiff, as mentioned in this entire Complaint, were done, partially if not entirely, because of Plaintiffs expressive conduct. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a de facto policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

On or around November/2019,
False Accusation by Landlord and Conclusion

On or about November/2019, Los Angeles County, Defendants "DJD 2" answered a call from "PJD", and told "PJD" not to call the police for Landlord/Tenant matters even though Landlord has refused to open door to collect all furnitures and personal items like parents wedding pictures after the Landlord was forced to answer by it's own lawsuit since the tenant already moved out many months ago.

Instead, Landlord enlisted individuals who resided at the location and filed false police report. Instead of stating the truth that Lanrlod owes "PJD" deposit and refused to open door even after court ordered the Landlord to do so.

After winning the unlawful detainer, this Landlord and a few others proceeded to ruin "PJD" life by filing f alse police report, falsifying evidence (where eh of them owed "PJD" funds as "PJD" had an attorney write out the statements at the same time d not calculate the fact that 2 of the individuals would move out and end up owing "PJD" funds. (This misunderstanding was overlooked by the Defendants and other Defendants Does 1-100.) In summary, the individuals who filed the false police reports including the Landlord actually owed "PJD". This was proven by small claims court. However, Defendants and other Defendants Does 1-100 and "PJD" was ultimately arrested.

After wining at small claims court, the criminal case was dismissed.

At the same time, due to this Landlord lies, a bogo case was moving forward and scared to death of the first time ever in court for this type of criminal matter.

Due to the police intentional retaliation (Defendants intentionally infliction of emotionally and discriminated without evidence especially during COVID-19, the detective of LAPD did not look for any evidence of undoing even after Landlord lost the small claims and had to pay "PJD" for deposit owed. Would not admit their mistake and continued their malicious prosecution. "PJD" doesn't have any criminal records. "PJD" was stopped by Defendants (and intentional stopping 1st Amendment rights)

There was a misunderstanding in regards to a truck situation that Defendants wanted to create a conspiracy but could not a few weeks prior to Landlord creating a false police report with these other individuals. Hence this was a perfect storm for Defendants to ensure this situation sticks even thought there are material facts that were fabricated, Defendants did not care. And made sure "PJD" paid for fabricated crimes that did not occur.

NOTE: Toll on this case as well as due to fraud that this Landlord committed and assisted by Police on false police report, and violation of "PJD" rights listed, California unjustly falsely accused "PJD".

This is the reason for 1983 as no one bother to look for the truth that Landlord and each of the individuals who filed the police report lied about material evidence and created this elaborate conspiracy. Please help "PJD" find justice as "PJD" found out within a few months that FRAUD evidence were discovered.

## PRAYER

Wherefore, Plaintiff prays for judgment against the Defendants as follows:

1. General damages according to proof at trial
2. Compensatory damages;
3. Special damages for medical expenses and wage loss, past, present, and future according to proof;
4. Special damages for pain, suffering, and mental anguish;
5. Punitive damages;
6. Costs;
7. Statutory fees;
8. Cost of suit and interest as provided by law and;
9. $80 Million
10. For such other and further relief as this Court deems just and proper.

Dated: August 18, 2025

James Wenn

James Wenn
(Power of Attorney to sign instead of Plaintiff John Doe)